UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| LEIGH OLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| IRONWOOD COMMUNICATIONS PORTLAND, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff complains against Defendant as follows:

### SUMMARY OF THE ACTION

1.   In April of 2018, Plaintiff disclosed to Defendant that she had Post-Traumatic Stress Disorder ("PTSD") and Anxiety Disorder stemming from trauma she experienced years earlier.  In June of 2018, Plaintiff requested a reasonable accommodation of relocating her workspace to be near a window.  Defendant denied the request under false and misleading pretenses.  Plaintiff continued to request the accommodation.  On July 10, 2018, during a meeting in which Plaintiff expected to discuss her ongoing requests for an accommodation, Defendant terminated her employment. Plaintiff alleges discrimination and retaliation under the Maine Human Rights Act, 5 M.R.S. §§ 4572 and 4633 ("MHRA"), the Americans with Disabilities Act (as amended), 42 U.S.C. § 12112 ("ADA"), and the Maine Whistleblowers' Protection Act, 26 M.R.S. § 833 ("MWPA").

1

## PARTIES

2. Plaintiff Leigh Olson is a resident of Kennebunk, Maine.

3. Defendant Ironwood Communications Portland, LLC is a limited liability company licensed to do business in the State of Maine. Upon information and belief, Ironwood is owned by David Joseph.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332.

5. Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Maine. Under Local Rule 3(b), this action is properly filed in Portland because the events at issue occurred in Cumberland County.

6. Plaintiff has exhausted all necessary administrative remedies and otherwise met all conditions before commencing suit on this matter. On April 6, 2020, the Maine Human Rights Commission issued Plaintiff a so-called "Notice of Right to Sue" letter per 5 M.R.S. §§ 4612, 4622.

## JURY TRIAL DEMAND

7. Plaintiff demands trial by jury on all issues triable to a jury.

## FACTUAL ALLEGATIONS

8. Until media mogul Hearst Communications purchased WPXT-TV from Defendant in or about September 2018, Defendant owned and operated WPXT-TV in Portland. See https://www.hearst.com/-/hearst-completes-acquisition-of-wpxt-tv-cw-in-portland-auburn-maine.

9. Plaintiff worked as an Account Executive for Defendant from February of 2018 until Defendant terminated her employment on July 10, 2018. At all times, she met or exceeded performance expectations.

10. In or about 2002, Plaintiff's physician diagnosed her with PTSD, depression, and anxiety disorder, among other conditions, relating to prior trauma experienced well before Defendant hired her.

11. Plaintiff is a "qualified individual with a disability" under the MHRA and ADA, and was capable of performing the essential functions of her job with or without reasonable accommodations.

12. At all material times, Plaintiff suffered from an impairment that substantially limits one or more of her major life activities; had a record of such an impairment; and/or was perceived or regarded by Defendant as having such an impairment.

13. Hannah Sirois served as Plaintiff's direct supervisor at Ironwood and Jennifer Spaulding served as Ironwood's HR representative.

14. In April of 2018, after a difficult meeting with a prospective client, Plaintiff disclosed to Ms. Spaulding that she had PTSD and anxiety disorder stemming from past trauma.

15. Plaintiff told Ms. Spaulding that she wanted her to make Mr. Joseph aware of her disabilities. Ms. Spaulding agreed to tell him.

16. In June of 2018, Plaintiff began requesting a reasonable accommodation for her disabilities: that she be allowed to relocate her workspace to be near a window.

17. Plaintiff told Ms. Sirois and Ms. Spaulding that she had significant difficulty working in enclosed spaces, and that relocating near a window would help alleviate her anxiety and allow her to concentrate.

18. Plaintiff's co-worker, who sat near a window, offered to switch workspaces with her.

19. On multiple occasions, however, Ms. Spaulding and Ms. Sirois denied Plaintiff's requests to be moved.

20. Plaintiff continued to request the accommodation for several weeks. She continued to tell Ms. Spaulding and Ms. Sirois that her anxiety at her workstation made it extremely difficult to concentrate. They continued to deny her request.

21. On July 10, 2018, Plaintiff was scheduled to meet with Ms. Sirois and Ms. Spaulding to discuss her requests for accommodations.

22. Shortly before the meeting, Plaintiff called Ms. Sirois from the road to remind her of the appointment. Plaintiff was returning to the office from a meeting with a client. Ms. Sirois told Plaintiff that the meeting was cancelled, and that Plaintiff did not need to relocate her workstation. She accused Plaintiff of being disrespectful by persisting with her meeting and accommodation requests.

23. Plaintiff told Ms. Sirois that she would contact Mr. Joseph directly about the request.

24. When Plaintiff arrived at the office, Ms. Spaulding called her into her office. Mr. Joseph was on speakerphone. He told Plaintiff that "salespeople should not be looking out the window anyway." Plaintiff told him that her workstation caused her to have anxiety. Ms. Spaulding then exclaimed: "Oh, Leigh! Everyone's got anxiety!" Mr. Joseph then stated: "Leigh, it's over."

25. Defendant terminated Plaintiff's employment, and Plaintiff was escorted from the building.

## COUNT I
### (Disability Discrimination – Disparate Treatment – MHRA and ADA)

26. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-25 of this Complaint.

27. Plaintiff is a qualified individual with a disability who was able to perform the essential functions of her job with or without reasonable accommodations.

28. As set forth above, Defendant discriminated against Plaintiff with respect to the terms, conditions or privileges of her employment based on her disability, or, alternatively, on Defendant's perception that Plaintiff was disabled; treated Plaintiff differently than other employees who were not disabled; subjected Plaintiff to intolerable working

conditions; and denied without justification Plaintiff's requests for reasonable accommodations.

29. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MHRA and ADA:

    A. Reinstatement, or front pay in lieu of reinstatement;
    B. Back pay from July 10, 2018, with prejudgment interest;
    C. Compensatory damages;
    D. Punitive damages;
    E. An award of reasonable attorney's fees and all costs; and
    F. All other damages to which plaintiff may be entitled.

## COUNT II
### (Hostile Work Environment Based on Disability – MHRA and ADA)

30. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-29 of this Complaint.

31. Plaintiff is a qualified individual with a disability who was able to perform the essential functions of her job with or without reasonable accommodations.

32. As set forth above, Defendant created an unreasonably hostile work environment based on or in response to Plaintiff's status as a person with a disability, or, alternatively, on Defendant's perception that Plaintiff was disabled. Such harassment was sufficiently severe or pervasive so as to alter the conditions of Plaintiff's employment and create an abusive and

hostile work environment. Defendant's conduct was both objectively and subjectively offensive, such that a reasonable person would find it hostile or abusive, and Plaintiff in fact did perceive it to be so.

33. Defendant is liable for the acts and omissions of Plaintiff's supervisors, managers, and management personnel.

34. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MHRA and ADA:

    A. Reinstatement, or front pay in lieu of reinstatement;
    B. Back pay from July 10, 2018, with prejudgment interest;
    C. Compensatory damages;
    D. Punitive damages;
    E. An award of reasonable attorney's fees and all costs; and
    F. All other damages to which plaintiff may be entitled.

## COUNT III
### (Retaliation, Interference, Coercion, or Intimidation – MHRA and ADA)

35. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-34 of this Complaint.

36. Plaintiff engaged in activity protected under the MHRA and ADA; to wit, she opposed and complained to management about the denial her requests for accommodation.

37. Plaintiff was subjected to adverse employment action. Defendant retaliated against Plaintiff with respect to the terms,

conditions or privileges of her employment; denied without justification her requests for accommodations; unlawfully interfered, intimidated, or threatened her while she exercised rights to be free from discrimination or harassment; created hostile working conditions; made false statements to justify its actions; and wrongfully terminated her employment, all because Plaintiff opposed the unlawful acts or practices of her employer, and all in violation of the MHRA and ADA.

38. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MHRA and ADA:

- A. Reinstatement, or front pay in lieu of reinstatement;
- B. Back pay from July 10, 2018, with prejudgment interest;
- C. Compensatory damages;
- D. Punitive damages;
- E. An award of reasonable attorney's fees and all costs; and
- F. All other damages to which plaintiff may be entitled.

## COUNT IV
### (Whistleblower Retaliation – MWPA and MHRA)

39. Plaintiff hereby repeats, re-alleges, and incorporates by reference the foregoing paragraphs 1-38 of this Complaint.

40. Plaintiff engaged in activity protected under the MWPA; to wit, acting in good faith, she reported to her employer what she had reasonable cause to believe was a violation of a State or Federal law.

41. Plaintiff was subjected to adverse employment action. Defendant retaliated against Plaintiff with respect to the terms or conditions of her employment; denied her request for accommodations; created hostile working conditions; made false statements; and wrongfully terminated her employment, all because Plaintiff made such reports and complaints, all in violation of the MWPA and MHRA.

42. As a direct and proximate result of Defendant's actions as set forth herein, Plaintiff suffered damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment and for the following legal and equitable relief under the MWPA and MHRA:

  A. Reinstatement, or front pay in lieu of reinstatement;
  B. Back pay from July 10, 2018, with prejudgment interest;
  C. Compensatory damages;
  D. Punitive damages;
  E. An award of reasonable attorney's fees and all costs; and
  F. All other damages to which plaintiff may be entitled.

Dated: July 2, 2020					Respectfully Submitted,

						*/s/ James A. Clifford*
						James A. Clifford

						*/s/ Andrew P. Cotter*
						Andrew P. Cotter
						CLIFFORD & CLIFFORD, LLC
						62 Portland Rd., Suite 37
						Kennebunk, ME 04101
						(207) 985-3200